Kellogg-American Realty, Inc. *v.* S. Co., Inc., Appellant.

Submitted April 14, 1969. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Bernard Eisen, Robert E. McKee, Jr.,* and *Berkman,
Ruslander, Pohl, Lieber & Engel,* for appellant.

*Martin Lubow,* and *Rosenberg & Lubow,* for appellee.

OPINION BY HOFFMAN, J., June 13, 1969:

In 1961, defendant conveyed a portion of its property to plaintiff by a general warranty deed. In this deed, defendant also granted certain easements upon the parcel retained by it.

There was at all times a catch basin for the collection of surface and storm water beginning on plaintiff's property which connected to a fifteen inch subsurface terra cotta sewer line extending approximately 300 feet through the defendant's property.

Thereafter, defendant conveyed the property under which the fifteen inch pipe is located by a general warranty deed to the present owner.

In 1965, the present owner cut off and rendered unusable the fifteen inch pipe. Plaintiff demanded that defendant defend plaintiff's right to the use of the

sewer line. Defendant refused this demand on the ground that plaintiff did not have the right to such easement.

Plaintiff then constructed a new pipe line at a different location on other property at a cost of $4710.00 and brought this action for damages based on defendant's failure to defend. The lower court found for the plaintiff and entered judgment. This appeal followed.

The decision of the lower court was based upon a finding that the words in the deed granted an easement to plaintiff to use the sewer pipe running under the parcel originally retained by defendant. Both the lower court and the parties failed to consider, however, whether suit was properly brought against defendant, who was not the title owner of the land at the time of the alleged breach.

It has long been the law of this Commonwealth that "the covenantor of . . . an easement or a benefit attached to land is not liable after parting with his title, for a breach occasioned by subsequent possessors of the land subject to the covenant." *Goldberg v. Nicola*, 319 Pa. 183, 191, 178 A. 809 (1935). As the Supreme Court stated "while on the land both covenantor and covenantee, with their respective assigns, had a substantial interest in the life of the covenant. When either parted with the title he parted with that interest. The one thus separating himself from the land could not enter the aliened premises to prevent a breach, he could enjoy no benefit from it, nor could he perform the covenant. It was so intended by the parties and was effective alike on covenantor and covenantee. The interest thus created was centered in or attached to the land itself, for the benefit of the other parcel. When the person divested himself of title, he transferred to his grantee the same right in the covenant that he possessed, with the same obligation imposed. There was never any intention to

impose personal responsibility apart from privity of estate, or to enter into an engagement on personal credit. On the contrary, there was set up a contract operative and binding upon owners and future owners of the land as long as privity of estate lasted between them." At 186-187.

In the instant case, the lower court imposed liability for an alleged breach occurring subsequent to the transfer of the property.

Accordingly, we remand this case to the lower court for consideration of whether defendant may be liable for such breach in light of *Goldberg v. Nicola,* supra. This remand is without prejudice to either party's position relating to whether the deeds conveyed the alleged easement for use of the sewer line.

Judgment is vacated and this case is remanded to the lower court for reconsideration in accordance with this opinion.

WATKINS, J., dissents.